**PREFAB PRODUCTS, INC., Plaintiff,**

v.

**UNITED STATES POSTAL SERVICE, Defendant.**

**No. 83–1148–CIV–EPS.**

United States District Court,
S.D. Florida,
Miami Division.

Dec. 10, 1984.

Charles V. Peppler, Coral Gables, Fla., for plaintiff.

Patricia D. Kenny, Asst. U.S. Atty., Miami, Fla., for defendant.

## MEMORANDUM OPINION AND ORDER

### TRANSFERRING CAUSE TO THE COURT OF CLAIMS

SPELLMAN, District Judge.

This case arises out of an alleged contract between Prefab Products, Inc. (Prefab) and the United States Postal Service (USPS or the Postal Service). Prefab claims that the USPS breached this contract and that, as a result of this breach, Prefab suffered $328,522 in damages. The jurisdiction of this Court is invoked under 28 U.S.C. § 1339 which governs actions arising under an Act of Congress relating to the Postal Service, and under 39 U.S.C. § 409(a), the Postal Reorganization Act.

The Postal Service has moved to dismiss under Rule 12(b)(1), Fed.R.Civ.P., for lack of subject matter jurisdiction. It argues that exclusive jurisdiction, if any is available, is in the United States Court of Claims. For the reasons detailed below, the Court agrees with the Postal Service that this Court does not have subject matter jurisdiction. However, in lieu of dismissal, this Court will transfer this cause to the Court of Claims pursuant to 28 U.S.C. § 1406(c).

### JURISDICTION UNDER 28 U.S.C. § 1339

Section 1339 of Title 28 of the United States Code grants district courts jurisdiction of "any civil action arising under any Act of Congress relating to the postal service." From an examination of the complaint in this case, it is clear that no Act of Congress is involved. Rather, this is a breach of contract case involving the USPS. Although one court has held that Section 1339 conferred jurisdiction in the district court over a contract dispute with the USPS, *Kennedy Electric Co. v. United States Postal Service*, 367 F.Supp. 828, 832 (D.Colo.1973), *aff'd*, 508 F.2d 954 (10th Cir. 1974), this Court is persuaded by Judge Tashima's well-reasoned analysis of the issue in *Consumers Solar Electric Corporation v. United States Postal Service*, 530 F.Supp. 702 (C.D.Cal.1982), that Section 1339 does not grant this Court jurisdiction in a contract dispute.

Judge Tashima examined cases discussing the "arising under" requirement of 28 U.S.C. § 1331, a statute closely analogous to § 1339 and found that a civil action 'arises under' an Act of Congress, if the Act of Congress is "a direct and essential element of the claim." 367 F.Supp. at 703 (quoting *Gully v. First National Bank*, 299 U.S. 109, 112, 57 S.Ct. 96, 97, 81 L.Ed. 70 (1936)). Because an Act of Congress does not form an essential element of the contract claim here, this Court does not have jurisdiction under Section 1339.

### JURISDICTION UNDER 39 U.S.C. § 409

Whether or not this Court has jurisdiction under Section 409 presents a more

difficult question. But again, this Court is persuaded by Judge Tashima's reasoning in the *Consumers Solar* case where he found that the Contract Disputes Act of 1978, 41 U.S.C. § 601 *et seq.*, pre-empts whatever jurisdiction federal district courts previously had under section 409 and confers exclusive jurisdiction of contract claims against the Postal Service in the United States Court of Claims. Judge Tashima reached this conclusion by examining the legislative history relating to the enactment of these statutes. Since Judge Tashima has already exhaustively reviewed that history, this Court will only briefly review it herein.

■ Congress reorganized the USPS in 1970 along the lines of a private business in an effort to increase its efficiency and self-sufficiency. This reorganization did not remove the Postal Service from the federal government, but made it an "independent establishment within the executive branch of the Government." *Consumers Solar*, 530 F.Supp. at 704 (quoting H.R. Rep. No. 91–1104, 91st Cong., 2d Sess., *reprinted in* [1970] U.S.Code Cong. & Ad. News 3649, 3654). The Postal Reorganization Act included a waiver of sovereign immunity (*see* 39 U.S.C. § 401), and granted the district courts original jurisdiction—concurrent with the state courts—over cases involving the USPS (*see* 39 U.S.C. § 409. Even with this general jurisdictional grant to the district courts, the Court of Claims retained jurisdiction over contract claims involving the USPS. *Consumers Solar*, 530 F.Supp. at 704 (citing *Butz Engineering Corp. v. United States*, 499 F.2d 619, 625 (Ct.Cl.1974)).

■ The Contract Disputes Act, 41 U.S.C. § 601 *et seq.*, was enacted in 1978 to provide a comprehensive system for adjudicating contract claims against the government. Instead of the previously uncoordinated regulations, statutes, and opinions concerning the resolution of contract disputes with the government, the Act established two routes of review. Under Section 606, a contractor can appeal a contracting officer's decision to the Board of Contract Appeals. Alternatively, under Section 609,

a contractor can seek relief directly in the Court of Claims. The Act was made applicable "to any express or implied contract ... entered into by an executive agency ..." 41 U.S.C. § 602. Not surprisingly, since even under the Postal Reorganization Act, the Postal Service is still part of the federal government, the Postal Service is explicitly included in the definition of "executive agency." 41 U.S.C. § 601(a).

■ At the same time that the Contract Disputes Act was enacted—indeed in the same bill—Congress amended the jurisdictional statute that generally governs actions in which a government agency is a defendant, 28 U.S.C. § 1346(a)(2). That statute now reads in relevant part:

> District courts shall not have jurisdiction of any civil action or claim against the United States founded upon any express or implied contract with the United States or for liquidated or unliquidated damages in cases not sounding in tort which are subject to Sections 8(g)(1) and 10(a)(1) of the Contract Disputes Act.

An examination of the legislative history surrounding this provision clearly indicates that, with very limited exceptions, Congress intended to completely remove district court jurisdiction from those claims subject to the Contract Disputes Act. Thus, the Senate Report states that "[t]he committees believe that there is no need to have two court jurisdictions, the Court of Claims and the U.S. district courts, in which to appeal agency board decisions. The Court of Claims can provide for the needs of all parties." S.Rep. No. 95–1118, 95th Cong., 2d Sess., *reprinted in* [1978] U.S.Code Cong. & Ad.News 5235 at 5243. The Report also states that "U.S. district court jurisdiction is eliminated from government claims." *Id.* at 5244.

Whatever exceptions to the Act Congress contemplated are clearly laid out. For example, contracts with the Tennessee Valley Authority are not within the Act's coverage unless the contract specifically contains a disputes clause requiring it to be covered by the Act. 41 U.S.C. § 602(b). Although

**92**

other exceptions are listed, *see, e.g.,* 41 U.S.C. § 602(c) (contracts with foreign governments); 41 U.S.C. § 603 (certain maritime contracts), nowhere does the statute exclude contracts with the USPS from coverage.

In sum, although 39 U.S.C. § 409 grants jurisdiction generally to district courts of cases involving the USPS, both the plain language and the legislative history of the Contract Disputes Act strongly indicate that contract disputes with the USPS should be governed by that Act with jurisdiction in the United States Court of Claims.

This conclusion is reinforced by the fact that the Contract Disputes Act is more specific and more recent than 39 U.S.C. § 409. A precisely drawn and detailed statute will pre-empt more general remedies. *See Brown v. General Services Administration,* 425 U.S. 820, 834–35, 96 S.Ct. 1961, 1968–69, 48 L.Ed.2d 402 (1976).

■ Accordingly, this Court finds that the Contract Disputes Act pre-empts whatever jurisdiction this Court had in contract disputes with the Postal Service. Because the question of this Court's jurisdiction presented a somewhat novel issue of law and Prefab may be barred from refiling this case by the statute of limitations, this Court finds that it is in the interest of justice to transfer this cause to the Court of Claims in lieu of dismissal. *See* 28 U.S.C. § 1406(c). This case is therefore transferred to the Court of Claims and shall proceed as if it had been filed in that court on the date that it was filed in the district court.