724 F.Supp. 439 (1989)
Margarita CAMPBELL and Jose Luis Verdia, Plaintiffs,
v.
BEVERLY ENTERPRISES, Defendant.
Civ. A. No. J86-0098(L).
United States District Court, S.D. Mississippi, Jackson Division.
May 10, 1989.
T. Mack Brabham, McComb, Miss., Peter J. Abadie, Jr., Jack W. Harang, Charles B. Colvin, Abadie, Harang & Colvin, Metairie, La., for plaintiffs.
John R. Hutcherson, Brunini, Grantham, Grower & Hewes, Jackson, Miss., for defendant.

MEMORANDUM OPINION AND ORDER
TOM S. LEE, District Judge.
This cause is before the court on the motion of defendant Beverly Enterprises for partial summary judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure. Plaintiffs Margarita Campbell and Jose Luis Verdia have responded to that motion. The court has considered the memoranda of authorities submitted by the parties in ruling on the motion.
From May 6, 1985 until her death on June 29, 1985, plaintiffs' mother, Maria Verdia, was a resident of Southwest Extended Care Center (Southwest), a nursing home owned and operated by defendant. In this action, plaintiffs charge that their *440 mother, while a patient at defendant's facility, was mistreated, abused and neglected. They seek punitive damages and damages for their mother's physical and mental suffering. Additionally, plaintiffs seek to recover damages for mental distress they claim to have suffered as a result of viewing the mistreatment and results of mistreatment to their mother. As to this issue, defendant seeks summary judgment contending that Mississippi law does not allow recovery for plaintiffs' mental distress under these circumstances.
The question which this case presents is not one to which an answer may readily be found in the decisions emanating from the Mississippi Supreme Court. That court has on numerous occasions considered the issue of under what circumstances recovery for mental distress damages may be had by one toward whom a defendant's conduct is directed:
Where there is something about the defendant's conduct which evokes outrage or revulsion, done intentionally  or even unintentionally yet the results being reasonably foreseeable  Courts can in certain circumstances comfortably assess damages for mental and emotional stress, even though there has been no physical injury. In such instances, it is the nature of the act itself  as opposed to the seriousness of the consequences  which gives impetus to legal redress.... Also, in a case of simple, or ordinary "garden variety negligence," even in the absence of physical injury accompanying the negligent act, if there is a resulting physical illness or assault upon the mind, personality or nervous system of the plaintiff which is medically cognizable and which requires or necessitates treatment by the medical profession, this Court has followed the modern tendency and held a legal cause of action exists. This assumes, of course, the test of reasonable foreseeability is also satisfactorily met.
Sears, Roebuck & Co. v. Devers, 405 So.2d 898, 902 (Miss.1981); see also Sears, Roebuck & Co. v. Young, 384 So.2d 69, 71 (Miss.1980); First National Bank v. Langley, 314 So.2d 324 (Miss.1975). Thus, a person subjected to the negligent act of another can recover mental distress damages if that distress results in a medically cognizable condition for which treatment is required; if, rather than merely negligent, the defendant's conduct is malicious, intentional or grossly negligent, recovery may be had despite the absence of any physical manifestation of the emotional distress of the affected individual so long as the conduct is such that the resulting emotional distress was reasonably foreseeable.
Plaintiffs implicitly acknowledge that they do not qualify for recovery under the "garden variety" or mere negligence standard, presumably due to the lack of any proof that their alleged mental distress was manifested by a medically cognizable condition which necessitated medical treatment. See Devers, 405 So.2d at 902. Nevertheless, plaintiffs contend that they are entitled to recover for their mental distress since the acts by the defendant of which they complain are such as would "evoke outrage or revulsion, done intentionally." The specific acts charged by plaintiffs in their complaint are as follows: "(a) irregular and improper diet; (b) no response to assistance calls; (c) failing to care for decedent as per doctor's orders; (d) allowing smell of urine to permeate; (e) theft of clothes and personal belongings; (f) failing to perform bathing regularly, change beds, clean rooms; (g) allowing decedent (to remain) in bowel movements." While the court will assume for present purposes that the conduct described in the complaint is such as would give Maria Verdia, the resident patient, an ability to recover mental distress damages, the question here is whether Mrs. Verdia's children, the plaintiffs, may themselves recover mental distress damages for that conduct.
The law in Mississippi is far from clear concerning when and under what circumstances recovery will be allowed by one who, though not the target or recipient of a defendant's actions, claims mental distress resulting from such actions toward another. In Entex, Inc. v. McGuire, 414 So.2d *441 437 (Miss.1982),[1] the court allowed to stand a jury verdict for mental distress damages sustained by a husband who witnessed his home explode as the result of a natural gas leak. Mr. McGuire, who was standing fifteen to twenty feet from the house at the time of the explosion, heard his wife screaming for help and pulled her from the burning home after a huge gaping hole had been blown in the side of the house. Following the incident, Mr. McGuire suffered anxiety neurosis and depressive neurosis requiring medical treatment. The court cited Robb v. Pennsylvania R.R., 58 Del. 454, 464, 210 A.2d 709, 714-15 (1965), for the proposition that
[w]hen negligence proximately caused fright, in one within the immediate area of physical damage from that negligence, which in turn produced consequences such as would the elements of damage if a bodily injury had been suffered, the injured party is entitled to recover under an application of the prevailing principles of law as negligence and proximate causation.
Entex, 414 So.2d at 444. The court next observed that in First National Bank v. Langley, 314 So.2d 324 (Miss.1975), it had abandoned the "impact doctrine" so that "genuine cases of injury growing out of the negligent acts of another  which are reasonably foreseeable as in other negligent cases  will not be dismissed simply because there was no trauma or impact on the body of the injured claimant." Id. (citing Langley, 314 So.2d at 339). Finally, the court set forth factors to consider in evaluating such claims:
In determining, ... whether defendant should reasonably foresee the injury to plaintiff, or, ... whether defendant owes plaintiff a duty of care, the courts will take into account such factors as the following: (1) Whether plaintiff was located near the scene of the accident as contrasted with one who was a distance away from it. (2) Whether the shock resulted from a direct emotional impact upon plaintiff from the sensory and contemporaneous observance of the accident, as contrasted with learning of the accident from others after its occurrence. (3) Whether plaintiff and the victim are closely related, as contrasted with an absence of any relationship or the presence of only a distant relationship.
Entex, 414 So.2d at 444 (quoting Dillon v. Legg, 68 Cal.2d 728, 740-41, 69 Cal.Rptr. 72, 80, 441 P.2d 912, 920 (1968)).
While the Mississippi Supreme Court did allow recovery in Entex, that case differs significantly from the present case in that the mental distress to Mr. McGuire resulted from witnessing a single traumatic and shocking event or experience in which his wife was not only threatened with but actually received serious and violent physical injury as the result of another's negligence. In contrast, plaintiffs here witnessed what are alleged to be results of prolonged neglect toward their mother allegedly caused by acts which were "intentional, outrageous, callous, willful, wanton and in reckless disregard" of their mother's rights. Moreover, unlike the plaintiff in Entex, plaintiffs here have not charged any direct physical injury to their mother. In the court's view, the nature of the factors set forth by the court in Entex indicates that they were intended to imply and indeed contemplate a type of shock by one witnessing a sudden and unexpected traumatic event rather than a continuous series of events. However, even were this court of the view that the Mississippi Supreme Court would allow third-party mental distress recovery in the absence of a specific traumatic event, it is this court's opinion that such recovery would not be permitted without a specific and serious physical injury *442 to another with whom a plaintiff shares a close relationship. Cf. Johnson v. Ford Motor Co., 354 F.Supp. 645, 650 (N.D.Miss. 1973) (Mississippi Supreme Court would hold that mental anguish suffered by parent on account of injuries to son not proper element of damages under circumstances presented there).
The court is of course cognizant that the Mississippi Supreme Court has abandoned the impact doctrine and thus does not require a physical impact as a prerequisite to recovery by one who seeks mental distress damages. Here, the court does not imply that a physical injury to the plaintiffs is a precondition to their recovery of mental distress damages. However, the court is of the opinion that the Mississippi Supreme Court would not allow these plaintiffs to recover in the absence of a traumatic physical injury  or at least threatened violent physical injury  to their family member/patient before they could recover such mental distress damages. The kinds of allegations contained in the complaint at bar do not charge such physical injury. In fact, the court interprets plaintiffs' complaint as largely an indictment of the general conditions to which their mother was subjected. Perhaps plaintiffs' mother was harmed physically by the alleged misconduct of defendant but that harm was more likely in the nature of a deterioration of her physical condition. She is not alleged to have suffered a violent or traumatic injury at the hands of defendant. While the court does not intend to minimize the seriousness of the conduct charged, it nevertheless is not conduct for which these plaintiffs should be allowed to recover mental distress damages.
Accordingly, it is ordered that defendant's motion for partial summary judgment is granted.
ORDERED.
NOTES
[1] Entex is the only case which this court has located in which the Mississippi Supreme Court discussed the issue of third-party emotional distress recovery. In Thomas v. Global Boat Builders & Repairmen, 482 So.2d 1112 (Miss.1986), the Mississippi Supreme Court affirmed without discussion the lower court's dismissal of the plaintiff's claim for damages for emotional trauma allegedly experienced in seeing a repairman with whom he was working lying "unconscious, perhaps dead," as the result of an electrical shock. The court merely cited Entex, Devers, Young and Langley and gave no explanation for its holding. The decision thus provides no guidance whatsoever to this court in reaching its decision in the case at bar.