**COUNTY WASTE, INC., Plaintiff,**

v.

**UNITED STATES of America,
Defendant.**

No. 90–6250–Civ.

United States District Court,
S.D. Florida.

Dec. 12, 1990.

Alan Dagen, Asst. U.S. Atty., Fort Lauderdale, Fla., for defendant.

Howard Mazloff, Miami, Fla., for plaintiff.

ORDER

GONZALEZ, District Judge.

THIS CAUSE has come before the Court upon the United States of America's Motion To Dismiss. The motion is now ripe for resolution.

I. MOTION

The United States has moved the Court to dismiss the complaint pursuant to Fed.R. Civ.P. 12(b)(1) for lack of subject matter jurisdiction. The government contends that the contract at issue is subject to the

Contract Disputes Act of 1978 and that, as a consequence, the Court is without jurisdiction to adjudicate the alleged breach. The plaintiff has not responded.[1]

## II. FACTS

The plaintiff's complaint alleges that the U.S. Department of the Interior, Bureau of Indian Affairs, Seminole Agency entered into a contract with the plaintiff under which the plaintiff was to provide the agency with waste pick-up service. The complaint alleges that the agency breached the contract.[2]

## III. DISCUSSION

■ Section 1346(a)(2) of Title 28 of the U.S. Code provides, in pertinent part,

> the district courts shall not have jurisdiction of any civil action or claim against the United States founded upon any express or implied contract with the United States or for liquidated or unliquidated damages in cases not sounding in tort which are subject to sections 8(g)(1) and 10(a)(1) of the Contract Disputes Act of 1978.

In enacting section 14(a) of the Contracts Dispute Act of 1978, Pub.L. No. 95–563, 92 Stat. 2387 (1978) (codified as amended primarily at 41 U.S.C. § 601–613), Congress amended 28 U.S.C. § 1346(a)(2) to include the above quoted language. Prior to the 1978 amendment, the district courts had concurrent jurisdiction with the United States Claims Court over any action based upon a contract with the United States where the claim did not exceed $10,000. However, the 1978 amendment apparently deprived the district courts of jurisdiction over any civil action against the United States founded upon any express or implied contract with the United States which is subject to sections 8(g)(1) and 10(a)(1) of the Contract Disputes Act, irrespective of the amount in dispute. *Management Science America, Inc. v. Pierce*, 598 F.Supp. 223 (N.D.Ga.1984), *aff'd*, 778 F.2d 792 (11th Cir.1985) (noting that the CDA specifically abolished "the jurisdiction of the federal district courts to hear claims 'founded upon any express or implied contract with the United States' which is subject to the CDA."); *United States v. St. James Construction Co.*, 724 F.Supp. 442 (N.D.Tex. 1989) (dismissing third party complaint against the United States based on a contract whose terms, because of the incorporation of Federal Acquisition Regulation clause 52.233–1, were subject to the Contract Disputes Act); *Prefab Products, Inc. v. United States Postal Service*, 600 F.Supp. 89, 91 (S.D.Fla.1984) (noting that in amending section 1346(a)(2) Congress intended completely to eliminate district court jurisdiction over those claims subject to the CDA). Unfortunately, but not surprisingly, the inartful manner in which Congress amended section 1346 has left the effect of the amendment unclear when the section is read as a whole.[3] Nonetheless,

---

1. Because the plaintiff has not responded to the motion, the Court may grant the motion by default under Local Rule 10(C). *See* S.D.Fla. Local Rule 10(C).

2. In its motion to dismiss, the government claims that it used Optional Form 347 ("Order Supplies or Services") to order these services. The form allegedly constituted the contract.

   As evidenced by a copy of the form which was attached to the motion, Form 347 incorporates Federal Acquisition Regulation clause 52.233–1, among others. Clause 52.233–1 clearly provides that the contract is subject to the Contract Disputes Act of 1978 and that all disputes arising under the contract shall be resolved under the Act. The problem is that the government submitted a blank form and there is no evidence that it was used. Moreover, on a motion to dismiss the Court should not go beyond the face of the complaint in considering the motion.

Nonetheless, the Court, as demonstrated below, need not go beyond the face of the complaint to resolve the motion.

3. Prior to the 1978 amendment, section 1346(a)(2) provided that the district courts shall have jurisdiction with the Claims Court over "[a]ny civil action or claim against the United States, not exceeding $10,000 in amount, founded ... upon any express or implied contract with the United States...." The 1978 amendment juxtaposed against this language an exception clause which provides that the "district courts shall not have jurisdiction of any civil action or claim against the United States founded upon any express or implied contract with the United States or for liquidated or unliquidated damages in cases not sounding in tort which are subject to sections 8(g)(1) and 10(a)(1) of the Contract Disputes Act of 1978." The effect of this juxtaposition is that the first

the purpose of the CDA and its legislative history leave no question that in amending section 1346(a)(2) Congress intended to deprive the district courts of jurisdiction over contract claims against the United States which are subject to the Contract Disputes Act.

Congress's primary purpose in enacting the CDA was to create a comprehensive statutory scheme of legal and administrative remedies to resolve government contract claims. *Coffey v. United States*, 626 F.Supp. 1246, 1249 (D.Kan.1986). Under the CDA, contract disputes with the government are reviewed either by appealing a decision of a government contracting officer to the Board of Contract Appeals or by seeking direct relief in the Claims Court. *Id.* at 1250. This purpose of the CDA, as well as the provisions providing specific fora to resolve the dispute, makes it clear that Congress wanted to limit the fora in which these disputes could be litigated.

Moreover, the legislative history which accompanied the Contract Disputes Act clearly indicates that section 14(a) of the Act, which amended section 1346(a)(2), was enacted to deprive the district courts of jurisdiction over government contract claims. In a legislative report which accompanied the Act, Congress characterized the effect of the amendment as "stripping" the district courts of jurisdiction. S.Rep. No. 1118, 95th Cong., 2d Sess., *reprinted in* 1978 U.S.Code Cong. & Admin.News pp. 5235, 5267. The Senate report also described the effect of the Act as follows:

> U.S. district court jurisdiction is eliminated from government contract claims. The committees believe that only one court jurisdiction is needed to handle direct actions and that court should be the Court of Claims which historically has

been the court of greatest expertise in government contract claims.

*Id.* at 5244.

It appears therefore that consideration of the purpose of the CDA, as well as an examination of the legislative history which accompanied the Act, unequivocally leads to the conclusion that, at the very least, the district courts are not to have jurisdiction over contract disputes which are governed by sections 8(g)(1) and 10(a)(1) of the Contract Disputes Act.

■ Many courts which have had to construe section 1346(a)(2) also have had to assess whether the contract at issue was even subject to the CDA so as to make the exclusionary language of 1346(a)(2) applicable. That is not a problem here. The plaintiff's complaint clearly alleges that it seeks redress for breach of a service contract between itself and the U.S. Department of the Interior, Bureau of Indian Affairs, Seminole Agency. The Department of the Interior obviously is an executive agency. The Congress in 41 U.S.C. § 602(a)(2) clearly has said that contracts which executive agencies enter into for the procurement of services are subject to the CDA. Hence, this contract is subject to the CDA.

As the contract is subject to the whole CDA, it obviously is subject to sections 8(g)(1) and 10(a)(1) of the Act. Consequently, because this contract is subject to those provisions of the Act, 28 U.S.C. § 1346(a)(2) denies this Court jurisdiction to adjudicate disputes involving this contract. As a result, this Court does not have jurisdiction over this action and the action must be dismissed.

clause quoted seems to give the district courts jurisdiction to entertain contract claims against the United States which do not exceed $10,000, while the second clause quoted—which is the 1978 amendment—seems to take this jurisdiction away, at least in part. An interpretive problem is created not only because of the juxtaposition but because of Congress's choice of words and punctuation in amending the provision to include the exception clause. The interpretive problem exists because the absence of punctuation in the exceptions clause, as well as

the word choice, leaves it somewhat unclear whether the amendment deprives the district courts of jurisdiction over *all* contract disputes with the United States government or only over those disputes which are subject to the Contract Disputes Act. As a practical matter, the point may be of limited significance because many contracts to which an executive agency is a party are subject to the CDA. *See* 41 U.S.C. § 602. Nonetheless, the ambiguity remains and under certain factual scenarios may be significant.

Accordingly, having reviewed the motion and the record, and being otherwise duly advised, it is hereby:

ORDERED and ADJUDGED that the defendant's Motion To Dismiss is GRANTED. The plaintiff's complaint is DISMISSED without prejudice for lack of subject matter jurisdiction.

DONE AND ORDERED.