764 F.Supp. 143 (1991)
Aaron CARROLL, Plaintiff,
v.
UNITED STATES POSTAL SERVICE, and John Edwards, d/b/a K.S.K.A. Construction, Defendants.
No. 91-60C(1).
United States District Court, E.D. Missouri, E.D.
May 20, 1991.
Eric Kendall Banks, Law Offices of William Brasher, St. Louis, Mo., for Aaron Carroll.
Henry Fredericks, Asst. U.S. Atty., for U.S. Postal Service.

MEMORANDUM AND ORDER
NANGLE, District Judge.
Plaintiff here sued the U.S. Postal Service ("USPS") and John Edwards ("Edwards"), the contractor of a set of repairs to the U.S. Post Office in Fredericktown, Missouri. Plaintiff was a subcontractor on the contract site, and was not paid by Edwards after completion of his repair work. The first claim against the Postal Service is brought under the Miller Act, 40 U.S.C. § 270a et seq., for failure to obtain a security bond, and the second claim is for quantum meruit. The claims against Edwards are for breach of contract and fraudulent misrepresentation.
Defendants have moved to dismiss the complaint for lack of subject matter jurisdiction and for failure to state a claim upon which relief can be granted. Fed.R.Civ.P. 12(b)(1) & (6). The substance of the motion is that plaintiff's claims are preempted by the Contract Disputes Act ("CDA"), 41 U.S.C. § 601, et seq., which preempts district court jurisdiction over contractor suits against the U.S. Postal Service. See 41 U.S.C. §§ 601(2), 602(a), 605(b). Defendants argue that the CDA should be held to preclude actions by subcontractors as well as contractors. See Eastern, Inc. v. Shelly's of Delaware, Inc., 721 F.Supp. 649, 652 (D.N.J.1989) (Held CDA preempts district court suits against USPS by subcontractors as well as contractors).
Congress created the U.S. Postal Service pursuant to the Postal Reorganization Act *144 of 1970, 39 U.S.C. § 101 et seq. ("PRA"). Congress provided a broad waiver of sovereign immunity for the USPS by enacting a "sue and be sued" clause in the PRA, which exposes the USPS to suit. 39 U.S.C. § 401(1). It is presumed that "when Congress launches a governmental agency into the commercial world and endows it with authority to `sue and be sued', that agency is no less amenable to judicial process than a private enterprise under like circumstances." Franchise Tax Bd. v. U.S. Postal Service, 467 U.S. 512, 517-518, 104 S.Ct. 2549, 2552-2553, 81 L.Ed.2d 446 (1984) (citing FHS v. Burr, 309 U.S. 242, 245, 60 S.Ct. 488, 490, 84 L.Ed. 724 (1940)); See Eastern, supra, 721 F.Supp. at 650.
This presumption can, however, be overcome where the waiver of sovereign immunity would conflict with a "statutory scheme" or where "plain congressional intent" points toward a restrictive reading of the waiver. Active Fire Sprinkler Corp. v. U.S. Postal Service, 811 F.2d 747, 752 (2d Cir.1987). Defendants argue that the CDA is evidence of a "statutory scheme" or "plain congressional intent" which dictates a restrictive reading of the sovereign immunity waiver provision of the PRA, and which preempts this Court's jurisdiction over the present action.
It is clear that the CDA does restore a measure of the USPS's immunity. Congress enacted the CDA to provide a "comprehensive system for adjudicating contract claims against the government." Pre-Fab Products, Inc. v. U.S. Postal Service, 600 F.Supp. 89 (D.Fla.1984); Consumers Solar Elec. Power Corp. v. U.S. Postal Service, 530 F.Supp. 702 (C.D.Cal.1982); Eastern, supra. Under the CDA, in all actions brought by or against executive agencies of the United States which involve an express or implied contract entered into by the agency, jurisdiction is vested in either the Postal Service Board of Contract Appeals or the United States Claims Court. Id. By this act, Congress thus divested district courts of all jurisdiction over federal government contract disputes. See McDonnell Douglas Corp. v. United States, 754 F.2d 365 (Fed.Cir.1985); Eastern, 721 F.Supp. at 651. The USPS is expressly included as an "executive agency" covered by the CDA. 41 U.S.C. § 601(2). Thus, if this were a case of Aaron Carroll having a dispute over a contract he entered into directly with the USPS, there would be no question that the CDA applies, to preclude this Court from entertaining this suit.
Plaintiff Aaron Carroll did not, however, directly enter into a contract with the USPS, but rather plaintiff's connection to the USPS was by a subcontract plaintiff entered into with defendant John Edwards, who in turn had directly contracted with the USPS. The provisions of the CDA do not expressly apply to subcontractors. See S.Rep. No. 1118, 95th Cong.2d Sess. 16-17, reprinted in 1978 U.S.Code Cong. & Admin.News 5235, 5250-51 ("SR 1118"). However, the Court's analysis should not end here, given the clear purposes of the CDA, which favor its application to subcontractor suits.
The CDA was enacted by Congress to cure the ills associated with the prior system of government contract dispute resolution. Eastern, supra. That system, in which contract disputes could be brought in a number of fora, including the district courts, was "often too expensive and time consuming for the efficient and cost-effective resolution of small claims." SR 1118, 1978 U.S.Code Cong. & Admin.News at 5238. The new system created under the CDA, in which all contract claims must be brought in either the Board of Contract Appeals or the Claims Court, was adopted because it was thought to be more efficient in terms of time and money. Id. This efficiency in turn would facilitate the creation of government contracts since the executive agencies would be less circumspect about entering into contracts. It is clear that the aim of the CDA is to reduce the time and expense of government contract disputes and to facilitate the formation of government contracts. See Eastern, supra.
Allowing subcontractors to bring actions against the USPS in district court would contravene these objectives. While the terms of the CDA do not expressly subsume actions by subcontractors under its *145 coverage, Congress could not have expected subcontractors to have access to district courts after it closed the doors of district courts to contractors. In other contexts, courts have readily held the CDA to apply and preclude claims by subcontractors against other government agencies. See Erickson Air Crane Co. of Wash. v. United States, 731 F.2d 810 (Fed.Cir.1984); U.S. for Use and Benefit of Phase II Concrete Contractors, Inc. v. St. James Const. Co., 724 F.Supp. 442 (N.D.Tex.1989); Matter of Commonwealth Elec. Co., 118 B.R. 720 (Bkrtcy.D.Neb.1990). The twin aims of the CDA to make contract dispute resolution less costly and time consuming and to encourage the formation of government contracts are better served by interpreting the CDA as to encompass subcontractor disputes against the USPS. See Eastern, 721 F.Supp. at 651-52.
Therefore, for the reasons stated above, the Court finds that the CDA preempts this subcontractor suit against the U.S. Postal Service and that the Court lacks subject matter jurisdiction to entertain plaintiff's cause of action against defendant USPS. Plaintiff's pendent claim against defendant John Edwards, d/b/a K.S.K.A. Construction, lacks an independent basis of federal jurisdiction, and the entire case will therefore be dismissed for lack of subject matter jurisdiction. Accordingly,
IT IS HEREBY ORDERED that defendants' motion to dismiss be and is granted.
IT IS FURTHER ORDERED that the instant cause of action be and is dismissed for lack of subject matter jurisdiction.