772 F.Supp. 1117 (1991)
BIEBEL BROS., INC., Plaintiff,
v.
UNITED STATES POSTAL SERVICE and John Edwards, doing business as K.S.K.A. Construction, Defendants.
No. S91-0010C.
United States District Court, E.D. Missouri, Southeastern Division.
July 31, 1991.
*1118 Raymond H. Vogel, Cape Girardeau, Mo., for plaintiff.
Henry J. Fredericks, Asst. U.S. Atty., St. Louis, Mo., for defendants.
John Edwards, pro se.

MEMORANDUM
LIMBAUGH, District Judge.
Plaintiff Biebel Bros., Inc. brought this action against the United States Postal Service ("Postal Service") and John Edwards ("Edwards"), the contractor of a set of repairs to the U.S. Post Office Building in Fredericktown, Missouri. Plaintiff, a subcontractor on the contract site, alleges Edwards did not pay him after completion of his repair work. Plaintiff seeks recovery from the Postal Service based on the Miller Act, 40 U.S.C. § 270a et seq. for failure to obtain a security bond, and under quantum meruit. The claims against Edwards are based on breach of contract and fraudulent misrepresentation.
On May 8, 1991, this Court ordered default judgment against defendant Edwards and entered judgment in favor of plaintiff in the amount of $25,461.00. On May 29, 1991, plaintiff filed a motion to require the defendant postal service to pay over escrow funds withheld from defendant Edwards. The Postal Service had already moved to dismiss the complaint for lack of subject matter jurisdiction and for failure to state a claim upon which relief can be granted. Fed.R.Civ.P. 12(b)(1) & (6). The Postal Service argues that plaintiff's claims are preempted by the Contract Disputes Act ("CDA"), 41 U.S.C. § 601, et seq., which preempts district court jurisdiction over contractor suits against the Postal Service. See 41 U.S.C. §§ 601(2), 602(a), 605(b).
Judge Nangle considered this precise question in a related case brought by another subcontractor against Edwards and the Postal Service connected with the work at the Fredericktown Post Office. Aaron Carroll v. United States Postal Service, 764 F.Supp. 143 (E.D.Mo.1991). Judge Nangle ruled that the CDA preempted subcontractor suits against the U.S. Postal Service. Therefore, the Court lacked subject matter jurisdiction to entertain the plaintiff's cause of action against defendant Postal Service and plaintiff's pendent claim against Edwards lacked an independent basis of federal jurisdiction. The entire case was dismissed for lack of subject matter jurisdiction.
The same result must follow here. This Court has no subject matter jurisdiction over this cause of action. Plaintiff's suit against the Postal Service is barred by the CDA and plaintiff's pendent claim against Edwards lacks an independent basis of federal jurisdiction.
Accordingly, defendant's motion to dismiss will be granted and this cause of action will be dismissed for lack of subject matter jurisdiction. Plaintiff's motion to pay over escrow funds will be denied and the default judgment entered herein will be set aside for lack of subject matter jurisdiction.