## IN THE SUPREME COURT OF MISSISSIPPI

## NO. 2002-CA-01563-SCT

*DANNY SATCHFIELD*

*v.*

*R.R. MORRISON & SON, INC., PREMIUM TANK*
*LINES, INC. AND BRUCE JORDAN, AS AGENT OF*
*PREMIUM TANK LINES, INC.*

| | |
|---|---|
| DATE OF JUDGMENT: | 8/15/2002 |
| TRIAL JUDGE: | HON. STEPHEN B. SIMPSON |
| COURT FROM WHICH APPEALED: | HARRISON COUNTY CIRCUIT COURT |
| ATTORNEY FOR APPELLANT: | JOHN RANDALL SANTA CRUZ |
| ATTORNEYS FOR APPELLEES: | WALTER WILLIAM DUKES |
| | TRACE D. McRANEY |
| | RONALD G. PERESICH |
| | EMILIE FISCHER WHITEHEAD |
| | MICHAEL E. WHITEHEAD |
| NATURE OF THE CASE: | CIVIL - TORTS-OTHER THAN PERSONAL INJURY & PROPERTY DAMAGE |
| DISPOSITION: | AFFIRMED - 05/06/2004 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | |

**EN BANC.**

**COBB, PRESIDING JUSTICE, FOR THE COURT:**

¶1.     At issue in this case is whether a witness to a service station gasoline explosion which killed six people unrelated to him is a foreseeable plaintiff to whom the defendants owed a duty of care. Under the precedent of this Court, no such duty was owed. Therefore we affirm the trial court's grant of summary judgment for the defendants.

## FACTS AND PROCEDURAL HISTORY

¶2. On August 9, 1998, an underground gasoline tank at a Texaco Fast Lane service station in Biloxi, Mississippi was being filled from a fuel truck owned by Premium Tank Lines, Inc. (Premium) and operated by Bruce Jordan (Jordan). During the fueling procedure the tank overflowed, and a large quantity of gasoline spilled into a nearby intersection where it ignited. The ensuing fire resulted in property damage and personal injuries, including several fatalities.

¶3. Danny Satchfield, the plaintiff in the trial court below, was at the Texaco station purchasing gasoline for his automobile and witnessed the explosion and the painful death of the victims. Accompanying him were his son, Kurt Satchfield, and a good friend, David Rogers. Satchfield alleges that his vehicle was approximately five feet away from the explosion and that witnessing the explosion and the violent, painful deaths of his fellow citizens caused him to suffer from emotional shock and trauma. He also alleges that he was in immediate fear of imminent death or injury to himself, his son and his close friend, and he was left with permanent psychological injury requiring ongoing medical treatment.[1] Satchfield sought recovery for his injuries from R.R. Morrison & Sons, Inc. (Morrison), the owner of the Texaco station in question, as well as Premium and Jordan. Following Satchfield's complaint, Morrison propounded requests for admissions seeking only to establish that Satchfield was not related to the victims.

¶4. Based upon Satchfield's affirmative response to these inquiries, Morrison filed a motion for summary judgment. Morrison claimed that, as a matter of law, Satchfield could not recover because he is not related to any of the victims. Premium and Jordan subsequently filed similar motions. Concluding that Satchfield's claims were those of a bystander, and since it was undisputed that he was not physically

---

[1] Specifically, Satchfield alleges that he suffers from mental anguish, mental shock, survivor's guilt, flashbacks, depression, post-traumatic stress disorder, psychological trauma and other psychological damages which resulted in continuous psychiatric treatment and care for him.

2

injured as a result of the fire and explosion and that he was not related to any of the victims, the trial court granted summary judgment for the defendants. From that judgment Satchfield appeals.

## ANALYSIS

¶5.     This Court applies a de novo standard of review of a trial court's grant or denial of summary judgment. *Hudson v. Courtesy Motors, Inc.*, 794 So.2d 999, 1002 (Miss. 2001); *Jenkins v. Ohio Cas. Ins. Co.*, 794 So.2d 228, 232 (Miss. 2001); *Heigle v. Heigle*, 771 So.2d 341, 345 (Miss. 2000). Our appellate standard for reviewing the granting or denial of summary judgment is the same standard as that of the trial court under Rule 56(c) of the Mississippi Rules of Civil Procedure: summary judgment shall be granted if "the pleadings, depositions, answers to interrogatories and admissions on file, together with affidavits, if any, show that there is no genuine issue as to any material fact...." *Hudson*, 794 So.2d at 1002; *Jenkins*, 794 So.2d at 232; *Heigle*, 771 So.2d at 345. The burden of demonstrating that no genuine issue of fact exists is on the moving party. *Id.* "The presence of fact issues in the record does not per se entitle a party to avoid summary judgment. The court must be convinced that the factual issue is a material one, one that matters in an outcome determinative sense ... [T]he existence of a hundred contested issues of fact will not thwart summary judgment where there is no genuine dispute regarding the material issues of fact." *Hudson*, 794 So.2d at 1002 (quoting *Simmons v. Thompson Mach. of Miss., Inc.*, 631 So.2d 798, 801 (Miss. 1994)).

### I.      No close relationship between Satchfield and victims.

¶6.     Morrison, Premium and Jordan assert that summary judgment was proper because Satchfield, unrelated to any of the victims, cannot satisfy the elements necessary to support his claim. The trial court agreed.

3

¶7.     In *Entex, Inc. v. McGuire*, 414 So. 2d 437 (Miss. 1982), this Court set the standard for determining whether a defendant has a duty of care to a bystander plaintiff:

> In determining, . . . whether defendant should reasonably foresee the injury to plaintiff, or, . . . whether defendant owes plaintiff a duty of care, the courts will take into account such factors as the following: (1) Whether plaintiff was located near the scene of the accident as contrasted with one who was a distance away from it. (2) Whether the shock resulted from a direct emotional impact upon plaintiff from the sensory and contemporaneous observance of the accident, as contrasted with learning of the accident from others after its occurrence. (3) **Whether plaintiff and victim were closely related**, as contrasted with an absence of any relationship or the presence of only a distance relationship.

*Id.* at 444 (quoting *Dillon v. Legg*, 441 P.2d 912, 920 (Cal. 1968)) (emphasis added). In *O'Cain v. Harvey Freeman & Sons, Inc.*, 603 So. 2d 824 (Miss. 1991), this Court held that, in *Entex*, the "Court set out **the criteria** which one **must** meet on a claim of emotional trauma by a bystander[.]" *Id.* at 829 (emphasis added).

¶8.     Satchfield argues that *Entex* does not foreclose his claim. He argues that case is only one in a long line of cases related to recovery for emotional harm or injury and that *Entex* has been substantially expanded. He argues that the factors laid out in *Entex* are not mandatory elements of foreseeability, but rather only guidelines for that determination. For support, Satchfield points out that *Dillon v. Legg*, 441 P. 2d 912 (Cal. 1968), the California case which laid out the factors this Court adopted in *Entex*, expressly required that foreseeability be adjudicated on a case-by-case basis. *See id.* at 920.

¶9.     While Satchfield's analysis of *Dillon* is correct, it is not persuasive authority. Numerous Mississippi cases have reaffirmed the applicability of the factors set forth in the *Entex* decision as they relate to bystander recovery for emotional distress in Mississippi. As mentioned previously, *O'Cain* held that, in *Entex*, the "Court set out **the criteria** which one **must** meet on a claim of emotional trauma by

4

a bystander[.]" ***Id.*** at 829 (emphasis added). In ***Summers ex rel. Dawson v. St. Andrew's Episcopal School, Inc.***, 759 So. 2d 1203 (Miss. 2000), this Court quoted the ***Entex*** factors as the standard to determine whether the parents of a child could recover damages for emotional distress for injuries the child sustained at school. ***Id.*** at 1210. Although in ***Summers*** recovery was barred by the failure of the plaintiffs to satisfy the contemporaneous observation requirement, the Court clearly reaffirmed the applicability of all the ***Entex*** factors by stating that the plaintiffs "fail[ed] the criteria as a bystander as enumerated in ***Entex***." ***Id. See also Ill. Cent. R.R. v. Hawkins***, 830 So. 2d 1162, 1174-75 (Miss. 2002) (holding that there are three criteria required to qualify as a bystander who is owed a duty of care, one of which is relatedness); ***Thomas v. Global Boat Builders & Repairmen, Inc.***, 482 So. 2d 1112, 1117 (Miss. 1986) (affirming dismissal of emotional distress claim where, inter alia, the plaintiff was not related to the victim).

¶10.    The Mississippi federal courts have also addressed bystander recovery for emotional distress, citing ***Entex***. *See* ***Moore v. Kroger Co.***, 800 F. Supp. 429, 433 (N.D. Miss. 1992) (denied emotional distress claims of family members of victim of motor vehicle accident when family members did not witness accident), *aff'd mem.* 18 F.3d 936 (5th Cir. 1994); ***Campbell v. Beverly Enterprises***, 724 F. Supp. 439, 441 (S.D. Miss. 1989) (denied emotional distress claim of family members of an allegedly mistreated nursing home patient because the family members did not observe the alleged mistreatment).

¶11.    Satchfield cites ***Plaisance v. Texaco, Inc.***, 937 F.2d 1004 (5th Cir. 1991), where a Fifth Circuit panel recognized claims for purely emotional injuries under the Jones Act. However, on rehearing en banc, the en banc Fifth Circuit concluded that it was not required to decide whether or under what circumstances it might permit recovery of damages for purely emotional injuries. ***Plaisance v. Texaco,***

5

*Inc.*, 966 F.2d 166, 169 (5th Cir. 1992) (en banc). Since it involved the Jones Act and federal maritime law and given the decision by the en banc Fifth Circuit, *Plaisance* is neither controlling nor persuasive on the Mississippi law issue before us today.

¶12.  The Supreme Court of Connecticut has discussed why the three-prong test set forth in *Entex* must be adhered to strictly:

> We are aware that the application of pure rules of foreseeability could lead to unlimited liability. "[T]here are ample policy concerns for setting limits or administrative boundaries establishing the permissible instances of recovery. There are fears of flooding the courts with 'spurious and fraudulent claims'; problems of proof of the damage suffered; exposing the defendant to an endless number of claims; and economic burdens on industry." *Lejeune v. Rayne Branch Hospital*, 556 So.2d 559, 566 (La. 1990). For example, "[i]t would be an entirely unreasonable burden on all human activity if the defendant who has endangered one person were to be compelled to pay for the lacerated feelings of every other person disturbed by reason of it, including **every bystander shocked at an accident**, and every distant relative of the person injured, as well as all his friends." W. Prosser & P. Keeton, Torts (5th Ed. 1984) §§ 54, p. 366; *Thing v. La Chusa*, *supra*, 48 Cal.3d at 666-67, 771 P.2d 814, 257 Cal.Rptr. 865. . . .
>
> With these considerations in mind, and borrowing from the experience of other jurisdictions, we agree that specific limitations must be imposed upon the reasonable foreseeability rule. We recognize that those limitations, albeit somewhat arbitrary, are "necessary in order not to leave the liability of a negligent defendant open to undue extension by the verdict of sympathetic juries, who under our system must define and apply any general rule to the facts of the case before them.... Prosser, Torts (4th Ed.) §§ 54, p. 335."

*Clohessy v. Bachelor*, 675 A.2d 852, 862-63 (Conn. 1996) (emphasis added). The standard ultimately adopted by Connecticut is virtually identical to the *Entex* standard. *Id.* The Connecticut high court's explanation establishes why there must be specific limitations upon the standard for bystander recovery for emotional distress damages.

¶13.  Allowing Satchfield's claim would expose the defendants to unlimited liability. Every person who witnessed this horrible accident could bring suit. There must be some limit to foreseeability. This limit has

been set by *Entex*, and since Satchfield, unrelated to any of the victims of this unfortunate accident, cannot satisfy *Entex*, this assignment is without merit.

¶14.    In an attempt to avoid summary judgment, Satchfield submitted his affidavit wherein he alleges that, while accompanied by a friend and his son, he was "in [his] vehicle preparing to leave the service station when a huge explosion ensued. [Satchfield's] vehicle was approximately 5 feet away from the explosion. [He] was in immediate fear of immanent [sic] death or injury to [himself] and [his] son and friend." Satchfield then goes on to restate the allegations of his complaint related to the horror he witnessed during and after the explosion, and concludes by stating that the incident caused him to "suffer from emotional shock and trauma", leaving him with "permanent psychological injury" for which he has received psychological treatment."

¶15.    The trial court determined that Satchfield could not recover based upon fear of injury to his son because he "failed to establish that his son was a 'victim' of the fire and explosion, i.e., his son did not sustain any physical harm." *Entex*, 414 So. 2d at 444. *See also Campbell v. Beverly Enterprises*, 724 F. Supp. at 442 (no recovery for third-party mental distress without specific and serious physical injury to another with whom plaintiff shares a close relationship)." We find no fault with the trial judge's ruling on this point.

¶16.    Regarding Satchfield's allegations that he was in immediate fear of imminent death or injury, his complaint makes no such allegations, nor does his appellate brief. Satchfield alleges nothing more than a bystander claim for emotional distress. His entire claim is centered on his witnessing the horror experienced by the victims of the explosion. Thus, based on *Entex*, the trial court did not err in dismissing his claim. This assignment is without merit.

## II. Allegations of gross negligence and punitive damages awarded to others.[2]

¶17.  Satchfield argues that the standard for bystander recovery for emotional distress, as set forth in *Entex*, is not applicable because the defendants are "charged with willful, wanton and grossly negligent conduct.[3]  A similar argument was dismissed by the federal district court in *Moore v. Kroger Co.*:

> Plaintiff insists that *Campbell* expands *Entex* by allowing family members to recover for emotional distress even if they are outside the zone of danger and outside the range of immediate sensory perception where the negligence is gross or wanton, as is arguably the case herein.  In other words, as the severity of the negligence increases so should the scope of foreseeable plaintiffs.

*Moore*, 800 F. Supp. at 433.  The district court then held that the plaintiff's argument was "an inaccurate characterization of Mississippi law." *Id.*  The court flatly rejected the plaintiff's argument that the scope of foreseeability should be expanded as the severity of the negligence increases. *Id.* at 433-34.

¶18.  This Court cited *Moore* with approval in *Summers*, 759 So.2d at 1210.  In *Summers* we did not distinguish the district court's holding in *Moore*.

¶19.  Satchfield cites a host of cases dealing with emotional distress and grossly negligent conduct; however, none of them are bystander cases.  Because Satchfield cites no pertinent or persuasive authority which stands for the proposition he asks us to accept, and because there is applicable law to the contrary, we must conclude that the trial court properly dismissed his claims.  This assignment is without merit.

---

[2]Satchfield argues that because punitive damages were awarded to victims of the explosion and their survivors, he should be entitled to the same.  Such damages were not awarded, however, based on any bystander emotional distress claims.  Additionally, the facts and circumstances regarding the entry of the judgment are not set forth in the record.  These facts are, therefore, improper for our consideration.

[3]Although Satchfield argues that this issue was not proper for the trial judge's consideration since it was not raised by the defense in its motion for summary judgment, the issue was clearly raised in the defense's rebuttal to the plaintiff's response to defense motion for summary judgment.

**CONCLUSION**

¶20.    There is no doubt that the explosion was a traumatic and life changing experience for Satchfield. His damages are well-documented and not put into question by the defendants. However, based on the law of this State, he has no means of recovery. Foreseeability must end somewhere. *Entex* says that, with bystander claims, it ends with injury to a close relative. None of Satchfield's relatives were injured in this tragedy. Thus, the trial court's grant of the defendants' motions for summary judgment is affirmed in all respects.

¶21.    **AFFIRMED.**

**SMITH, C.J., WALLER, P.J., EASLEY, CARLSON AND DICKINSON, JJ., CONCUR. GRAVES, J., CONCURS IN RESULT ONLY. DIAZ AND RANDOLPH, JJ., NOT PARTICIPATING.**