COLEMAN, Justice,
specially concurring:
¶ 35. I concur with the majority. As I appreciate it, the question before the Court in the case sub judice is whether Entergy owed a legal duty of due care to the plaintiff, Mary Bethanne Acey. I agree with the majority that, upon application of the Entex factors, Entergy did not and that the case should be reversed. I write separately for two purposes. First, I think it worth the time to emphasize that the question of whether a legal duty of due care exists is one of law and not fact. That it presents a question of law matters in the summary judgment context, as I explain more fully below. Second, I write to further explore Campbell v. Beverly Enterprises, 724 F.Supp. 439 (S.D.Miss.1989), and the ways in which various courts have confused the effect it has, if any, on the law governing bystander recovery in Mississippi.
¶ 36. The Court in Entex v. McGuire, 414 So.2d 437 (Miss.1982), gave two purposes for which the three-factor test at issue in the instant appeal — whereby courts in Mississippi could ascertain whether a defendant would be liable for emotional distress damages suffered by a bystander — could be used. One of the two was for a determination of “whether [a] defendant owes [a] plaintiff a duty of due care.... ” Id. at 444. In our four-part negligence framework — duty, breach, causation, and damages — the question of whether one owes a duty of due care to another is one of law and lies within the sole province of the court. Rein v. Benchmark Constr. Co., 865 So.2d 1134, 1143 (¶ 29) (Miss.2004) (“In analyzing an actor’s alleged negligence, this Court' asks whether a duty exists and whether it has been breached. That is a question of law.”) The judge, not the jury, decides whether an injury is reasonably foreseeable for the purpose of determining the first of the four negligence prongs — the existence of a legal duty. Id. (citing Lyle v. Mladinich, 584 So.2d 397, 399 (Miss.1991)).
¶ 37. Summary judgment is appropriate when the question presented for determination — such as whether a legal duty exists in a negligence action — is one of law rather than fact. City of Jackson v. Gardner, 108 So.3d 927, 928 (¶ 4) (Miss.2013). When no disputed facts exist, even mixed questions of law and fact become questions of law only. Hernandez v. Vickery Chevrolet-Oldsmobile Co., Inc., 652 So.2d 179, 182 (Miss.1995). Neither my review of the case nor the dissent has revealed to me any contested issues of fact that the jury would need to determine in order for the Court to now conduct its de novo review of the issue presented. Although there are some contested issues of fact, e.g., when the plaintiff learned of the accident that injured her daughter, I agree with the majority and am of the opinion that taking all disputed facts in a light most favorable *681 to plaintiff still yields the result that, as a matter of law, the defendant owed no duty of due care to the plaintiff in the case sub judice.
¶ 88. In a final matter, the majority discusses at length Campbell, 724 F.Supp. at 489, as well as a long line of cases that followed it. I write separately to explain my opinion that Campbell does not apply to the instant facts, and misapplication of Campbell threatens to confuse the test for whether a bystander can recover under negligent infliction of emotional harm.
¶ 39. Acey called attention to Campbell, arguing that bystanders who witness the injury can recover if there was direct “physical” or “threatened violent physical injury.” See Campbell, 724 F.Supp. at 442. Acey takes the above-quoted language directly from Campbell, but — as the majority notes — she misconstrues it. The majority argues that Acey misconstrues Campbell because it is an isolated statement that does not simply mean bystanders can recover when the victim suffers threatened or physical injury.
¶40. In Campbell, the children of a nursing home patient sued as a third party in a negligent infliction of emotional harm suit claiming “prolonged neglect toward their mother [that was] allegedly caused by acts which were intentional, outrageous, callous, willful, wanton and in a reckless disregard of the their mother’s rights.” Id. at 441 (emphasis added). The plaintiffs could not point to any one “accident” that caused injury to their mother. See Entex, 414 So.2d at 444 (citing Dillon v. Legg, 68 Cal.2d 728, 740-41, 69 Cal.Rptr. 72, 441 P.2d 912 (1968)) (listing the factors for third party emotional distress recovery). Faced with an issue of first impression, the district court surmised what the Mississippi Supreme Court would do in a similar situation — a situation where there is no specific traumatic event. The court determined that recovery would be an option, in the absence of a specific traumatic event, only when there was a “specific and serious physical injury” or “at least threatened violent physical injury” to the immediate victim — not the children bringing the suit. Campbell, 724 F.Supp. at 441-42. The Campbell court denied recovery, stating that the children had not alleged that the mother had “suffered a violent or traumatic injury at the hands of defendant.” Id. at 442.
¶ 41. The statements by the Campbell Court, as presented here by Acey, could be interpreted to mean that all a third party would need to prove to recover is that the victim suffered a physical injury; however, the judge in Campbell wrote that he read Entex to allow a bystander to recover only when the bystander witnesses “a sudden and unexpected traumatic event rather than a continuous series of events.” Campbell, 724 F.Supp. at 441. The judge then hedged his Erie bet by continuing,
However, even were this court of the view that the Mississippi Supreme Court would allow third-party mental distress recovery in the absence of a specific traumatic event, it is this court’s opinion that such recovery would not be permitted without a specific and serious physical injury to another with whom a plaintiff shares a close relationship.
Id. at 441-442; see Erie R.R. Co. v. Tompkins, 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188 (1938).
¶42. Later courts have misconstrued Campbell in another way. Because Campbell was an issue of first impression — of whether a third party can recover for mental distress in the absence of a specific traumatic event — the Campbell court first traced the law for whether a plaintiff who was directly harmed by the defendant’s negligence can recover mental distress damages. The court then shifted to ex *682 plain the law at issue, the law for third party recovery for mental distress when the third party’s family member was directly harmed. The Campbell opinion contains two distinct parts, and each part of the opinion traces different, yet related, areas of the law. However, courts have misinterpreted and mixed up Campbell’s treatment of the two distinct areas of the law. Courts have implanted language dealing solely with direct plaintiff recovery to third party plaintiff recovery. Campbell states, in reference to direct-plaintiff recovery:
Thus, a person subjected to the negligent act of another can recover mental distress damages if that distress results ■in a medically cognizable condition for which treatment is required; if, rather than merely negligent, the defendant’s conduct is malicious, intentional or grossly negligent, recovery may be had despite the absence of any physical manifestation of the emotional distress of the affected individual so long as the conduct is such thát the resulting emotional distress was reasonably foreseeable.
Campbell, 724 F.Supp. at 440 (emphasis added). Campbell appends that the standard for direct plaintiff recovery is simply the “garden variety” negligence standard. Id.
¶ 43. Courts have interpreted the above “malicious, intentional, or grossly negligent” language in the context of third party recovery. Summers ex rel. Dawson v. St. Andrew’s Episcopal School, Inc., 759 So.2d 1208 (Miss.2000), stated, under the issue determining whether third party recovery survived summary judgment, that “[t]he plaintiffs ... fail under the premises of Campbell because there is no documented physical injury to [the child] nor is there evidence of malicious, gross negligence on the part of [the school].” Id. at 1211. Moore v. Kroger Co., 800 F.Supp. 429 (N.D.Miss.1992), correctly draws the distinction between the two parts of the Campbell opinion stating:
[I]n a discussion leading to [the] holding, the Campbell court traced the law in Mississippi concerning mental distress damages in the absence of physical manifestation. The court first discussed the law with respect to the immediate victim, who, depending on the maliciousness and gross nature of the negligence, could seek recovery despite the absence of actual physical injury.
[[Image here]]
Campbell’s discussion of grossly negligent behavior was in conjunction with the emotional distress of the immediate victim.
Id. at 433 (emphasis added). Thus, following the same reasoning promulgated by Moore, malicious-and gross negligence applies where the immediate victim is seeking recovery, and as outlined above, Campbell’s holding applies to fact situations where there is no specific traumatic event. In the instant case, Acey is not the immediate victim, and there was a specific traumatic event: A.A. touched the power wire and was electrocuted. Therefore, Campbell does not apply, and Summers does not provide a valid argument for Acey to recover.
RANDOLPH, P.J., CHANDLER AND PIERCE, JJ., JOIN THIS OPINION.