**Henry R. STOKLOSA,
Plaintiff–Appellant,**

v.

**CONSOLIDATED RAIL CORPORA-
TION, Defendant–Appellee.**

**No. 88–3198.**

United States Court of Appeals,
Sixth Circuit.

Submitted on Briefs Dec. 5, 1988.

Decided Dec. 28, 1988.

Michael E. McGill, Leizerman, McGill & Williams, Toledo, Ohio, for Henry R. Stoklosa, plaintiff-appellant.

Richard F. Ellenberger, Doyle, Lewis & Warner, Toledo, Ohio, for Consolidated Rail Corp., defendant-appellee.

Before MERRITT and GUY, Circuit Judges, and EDWARDS, Senior Circuit Judge.

MERRITT, Circuit Judge.

The issue in this FELA case is whether, viewing the facts in a light most favorable to the plaintiff, there are genuine issues of material fact which preclude the entry of summary judgment for defendant on plaintiff's negligent infliction of emotional distress claim.

The pertinent facts are not in dispute. Plaintiff, Stoklosa, has been employed by defendant, Conrail, since 1982. In April 1983, plaintiff began seeing a psychologist claiming that overwork and belittling comments made by his supervisor resulted in the disruption of his family life and destruction of his mental health. In December 1983, plaintiff, after experiencing chest pains and other physical signs of fatigue, was advised by his physician to take some time off work. Plaintiff did so, informing his employer that the time off was necessary due to job stress. In February 1984 plaintiff was demoted for failing to report a suspected signal failure and lying to his supervisor about his knowledge of the failure. Upon learning of his demotion, plaintiff was seriously depressed, stated that he wanted to die and requested admission to a mental facility. Plaintiff has not returned to work but has received disability pay from the defendant since that time.

Plaintiff sued Conrail, alleging several causes of action. Defendant requested summary judgment on all counts. Plaintiff opposed summary judgment only on the first count—negligent infliction of emotional distress.

The parties consented to entry of judgment by a magistrate. Upon review of the summary judgment motion and affidavits submitted by the parties, the magistrate held that a cause of action for negligent infliction of emotional distress for purely emotional injuries exists under FELA. The magistrate further concluded that Conrail's demotion of the plaintiff, while possibly contributing to plaintiff's instability, did not constitute negligence actionable under FELA because Conrail had no awareness of plaintiff's vulnerable condition and, therefore, could not reasonably foresee his

injury. In so ruling, the magistrate applied the standard set forth in § 313 of The Restatement 2d of Torts. The magistrate, therefore, entered summary judgment for Conrail on all counts.

Plaintiff now appeals the entry of summary judgment by the magistrate. Because we believe that Conrail, an employer who merely took legitimate disciplinary action against its employee, could not reasonably foresee that its decision would have such an extreme emotional impact on him, and, therefore, was not negligent, we affirm the entry of summary judgment.

The question of whether a cause of action for purely emotional injury exists under FELA is not settled. Indeed, the Supreme Court in *Atchison, Topeka and Santa Fe Ry. Co. v. Buell*, 480 U.S. 557, 107 S.Ct. 1410, 94 L.Ed.2d 563 (1987), said that "whether one can recover for emotional injury might rest on a variety of subtle and intricate distinctions related to the nature of the injury ... the character of the tortious activity ... [and] may not be susceptible to an all-inclusive 'yes' or 'no' answer." *Id.* 107 S.Ct. at 1417–18. It remains unclear what types of purely emotional injury, if any, are actionable under FELA.

We leave for another day the question of whether negligent infliction of emotional distress resulting in emotional injury with no verifiable physical manifestation is actionable under FELA. Assuming, without deciding, however, that one may recover for purely emotional injuries under FELA, we agree with Magistrate Carr that an essential element of recovery—negligence —is missing in this case.

The gravamen of plaintiff's complaint is emotional distress caused by Conrail's directive demoting him. Plaintiff neither finds fault with Conrail's motive—his failure to report the signal failure and subsequent lie regarding it—nor the method by which it was achieved, nor Conrail's right to do so. As the magistrate correctly found:

> Even though it is highly likely that the defendant could foresee that its decision would have an emotional impact upon the

plaintiff, that does not make him liable for such impact.

Indeed, such action taken by an employer is expected to cause distress and hurt feelings to the recipient employee. Plaintiff's extreme reaction, however, could not reasonably be foreseen. Any other disposition of this case would result in the possibility of extended litigation arising from every routine personnel decision.

Accordingly, the judgment below is affirmed.