United States Court of Appeals,

Fifth Circuit.

Nos. 91–3101, 91–3528.

Jessie AINSWORTH, Plaintiff–Appellant,

v.

PENROD DRILLING CORPORATION, et al., Defendants–Appellees.

Sept. 1, 1992.

Appeals from the United States District Court for the Eastern District of Louisiana.

Before REYNALDO G. GARZA, DAVIS, and BARKSDALE, Circuit Judges.

PER CURIAM:

In December 1987, appellant, Jessie Ainsworth, witnessed a helicopter operated by appellee Petroleum Helicopters, Inc. (PHI) crash and explode on the deck of a jack-up rig owned by appellee Penrod Drilling Corporation (Penrod). At the time of the accident, Mr. Ainsworth and other crewmembers of Penrod Rig 83 were in the rig's control room, awaiting the helicopter's arrival. The helicopter was to transport Mr. Ainsworth and the others ashore after dropping off a new crew.

Mr. Ainsworth later brought suit against PHI, its insurer, and Penrod under the Jones Act, 46 U.S.C.App. § 688, and the general maritime law. Mr. Ainsworth alleged that, as a result of the accident and the crew's attempt to rescue any survivors, he had sustained damages "for fright, fear, and mental anguish."

PHI and Penrod filed motions for summary judgment, arguing that Mr. Ainsworth's claim for purely emotional injuries was not cognizable under the Jones Act or general maritime law. Mr. Ainsworth answered these motions by submitting an affidavit stating that following the crash he had thrown up, suffered headaches, and pulled a shoulder muscle. The district court granted the motions, dismissing the complaint with prejudice, and, thereafter, denied Mr. Ainsworth's motions for reconsideration and to amend his complaint.

Following dismissal of his complaint, Mr. Ainsworth filed a second complaint against PHI and Penrod. In his second complaint, Mr. Ainsworth alleged that as a result of witnessing the crash he had sustained "injuries to his mind and body." PHI and Penrod again filed motions for summary judgment. The court determined that the second complaint alleged substantially the same injuries and dismissed it as barred by the principle of res judicata. Mr. Ainsworth timely appealed both judgments, and his appeals were consolidated. On appeal, Mr. Ainsworth argues that the Jones Act recognizes his claim for purely emotional injuries because he suffered his injuries as a result of a "physical impact" during the crash and, alternatively, because of his presence in the "zone of danger."

Mr. Ainsworth first attempts to fit his claim under the physical injury or impact rule, which permits recovery provided the emotional injury results from some physical contact. *See Plaisance v. Texaco, Inc.,* 966 F.2d 166, 168 (5th Cir.1992) (en banc). The record plainly establishes, however, that, in witnessing the accident and in participating in the rescue efforts, Mr. Ainsworth suffered no physical contact or impact. Moreover, any physical injuries that Mr. Ainsworth may have experienced, for example, an upset stomach, headaches, or a pulled muscle, are trivial and do not support recovery. *See Gaston v. Flowers Transp.,* 866 F.2d 816, 817 (5th Cir.1989) (holding that a bruised elbow was a "trivial physical injury" in a suit for purely emotional injuries).[1]

Mr. Ainsworth next contends that he is entitled to recover for his injuries because he was in the zone of danger during the accident. Mr. Ainsworth argues that his proximity to the crash caused him to fear for his and the crew's safety and that this fear produced his emotional injuries. As the en banc court recently noted, however, this circuit has yet to recognize recovery under the zone of danger rule. *See Plaisance,* at 169. Nevertheless, even if we were to adopt this rule, the facts in the present case do not support recovery.

---

[1]Because neither the emotional injuries nor these trivial physical injuries, which Mr. Ainsworth has alleged in his two complaints and affidavit, support recovery under the Jones Act we do not consider the res judicata issue.

First, the crash occurred approximately one hundred feet away from the control room, which, in addition, was separated from the helicopter by the bow leg.  Second, Mr. Ainsworth testified at his deposition that he knew that the helicopter would not crash into the control room.  Third, Mr. Ainsworth admitted that he did not fear for his life as a result of the crash itself but, instead, worried only that if he had gotten onto the helicopter the same thing could have happened to him.  Thus, Mr. Ainsworth's deposition testimony demonstrates that the helicopter crash neither threatened him with physical harm nor caused him to fear that it would harm him.[2]

For these reasons, we affirm the district court's summary judgment dismissal of both of Mr. Ainsworth's complaints.

AFFIRMED.

---

[2]Mr. Ainsworth also argues that this court should apply Louisiana law, which he maintains would permit recovery.  Under article 2315.6 of the Louisiana Civil Code, a person who witnesses an event causing harm to another may recover for his mental anguish or emotional distress.  This article limits recovery, however, to several exclusive classes of the victim's relatives.  La.C.C. art. 2315.6(A).  Mr. Ainsworth has not alleged that he was related to anyone who died in the helicopter crash and, therefore, could not recover under Louisiana law even if it were applicable.