**Brian K. BRISCOE, Plaintiff,**

v.

**DEVALL TOWING & BOAT SERVICE OF HACKBERRY, INC., Defendant.**

**No. CV 91–1971–LC.**

United States District Court,
W.D. Louisiana,
Lake Charles Division.

Sept. 17, 1992.

Robert L. Hackett, Oestreicher, Whalen & Hackett, New Orleans, La., for plaintiff.

Hunter W. Lundy, Lundy & Dwight, Lake Charles, La., for defendant.

MEMORANDUM RULING

TRIMBLE, District Judge.

Now before the court for its consideration is defendant, Devall Towing & Boat Service of Hackberry, Inc.'s ("Devall") Motion for Summary Judgment. Devall contends that under the jurisprudence of the United States Court of Appeals for the Fifth Circuit a plaintiff may not recover under § 688 of the Jones Act for emotional injury unaccompanied by physical injury. Devall further contends that there are no genuine issues of material fact. The plaintiff responds that the Fifth Circuit allows recovery for purely emotional injuries under these circumstances.

## BACKGROUND

This court finds that there are no genuine issues of material fact between the facts as alleged by Devall and as alleged by the plaintiff. Nevertheless, whenever this court must choose one version of the facts over the other, this court will view the facts in the light most favorable to the plaintiff. This court assumes that the facts are as alleged in Plaintiff's various pleadings, specifically his Statement of Contested Facts, Pretrial Statement and Memorandum in Opposition to Defendant's Motion for Summary Judgment, for purposes of Devall's Motion for Summary Judgment. Plaintiff does not allege that he suffered any physical injury in the facts given in his pretrial statement. Further, plaintiff, in listing the issues of fact in his pretrial statement, does not state that there is any issue as to whether he suffered any physical injury. Plaintiff does state in his Statement of Contested Facts that it is contested whether plaintiff suffered physical injury, yet he does not identify the injury in his Memorandum in Opposition to Defendant's Motion for Summary Judgment. Rather, plaintiff merely alleges that there was an "impact" and never mentions any injury. Plaintiff then identifies this impact as either the shifting of the vessel, the plaintiff's fall on the deck of the boat, or the jumping overboard and swimming. [Plaintiff's Memorandum In Opposition to Motion for Summary Judgment, page 6] Nowhere does the plaintiff allege that he suffered any actionable physical injury. The plaintiff's only alleged injury was emotional.

On the night of June 26, 1991, the M/V MAR–RAY sank in the Calcasieu Parish Ship Channel. The plaintiff, an employee of Devall, was a deckhand on the M/V MAR–RAY. The M/V MAR–RAY is a 55 foot long, 16½ foot wide pushboat with two diesel engines. The plaintiff was working as a deckhand aboard the M/V MAR–RAY on the night she sank. The captain of the vessel, Scott Guidry, ordered plaintiff off of the vessel when it became apparent that she was going to sink.

Plaintiff then climbed over the port side of the vessel and got into the water and swam at most one hundred (100) feet to THE WOODRIVER EXPRESS. According to plaintiff while in deposition on December 4, 1991, he was skinned up a little and bruised a little with no other physical injury. [Deposition of Briscoe, December 4, 1991, pages 24 & 25] The day after the incident, plaintiff stated that he had no injuries whatsoever. [Briscoe's June 27, 1991 recorded statement, page 6] Further, in his later medical examinations, plaintiff never reported any physical injury. As the analysis will show, it makes no difference which of these statements this court accepts as the truth for even if the plaintiff was skinned up a little and bruised a little his injury is trivial. Thus, under the jurisprudence of the Fifth Circuit, the result remains the same.

On July 15, 1991, Dr. Nguyen Nguyen, a psychiatrist, diagnosed plaintiff as having Post–Traumatic Stress Disorder. Plaintiff, in his Pretrial Statement, states that these emotional injuries were caused by, "extreme anxiety attacks and nightmares regarding the sinking and his near death." [Plaintiff's Pretrial Statement at page 2].

## ANALYSIS

■ Summary Judgment is proper only when the pleadings and other evidence properly before the court show that no genuine issue of material fact exists and that the moving party is entitled to judgment as a matter of law. *Celotex Corp. v. Catrett,* 477 U.S. 317, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). When the moving party has made a convincing showing that there are no genuine issues of material fact, the nonmoving party must present more than evidence which is merely colorable or is not significantly probative; rather, the nonmoving party may only defeat such a motion with significant probative evidence demonstrating the existence of a triable issue of fact. *Resolution Trust Corp. v. Murray,* 935 F.2d 89 (5th Cir. 1991).

■ The only issue before this court is whether a plaintiff may recover under the

Jones Act, 46 U.S.C.App. § 688, for purely emotional injuries absent physical injury. The law in the Fifth Circuit is clear that such injuries are not compensable.

In *Gaston v. Flowers Transp.,* 866 F.2d 816 (5th Cir.1989), the plaintiff, after suffering trivial physical injury—a bruised elbow, was diagnosed as having post traumatic stress disorder. Judge Gee, as the organ of the court, refused to allow the plaintiff to recover under the Jones Act for a purely emotional injury. In analyzing the plaintiff's claim, the court noted that, "[w]hether even a liberal interpretation of the Jones Act requires extending recovery to those who suffer purely emotional injury is doubtful." 866 F.2d at 817.

In *Plaisance v. Texaco, Inc.,* 966 F.2d 166 (5th Cir.1992), the Fifth Circuit, *en banc,* refused to allow a tug boat captain and his spouse to recover for emotional injury allegedly caused by witnessing a fire in an action against their employer and tug charter to recover under the Jones Act and general maritime law. Judge Davis, writing for the court, instructed that *Gaston* represents the law of this circuit as far as recovery for purely emotional injuries under the Jones Act is concerned. Judge Davis noted that *Gaston* only allows a plaintiff to recover for purely emotional injuries if he also suffered physical injury. 966 F.2d at 169.

Most recently, in *Ainsworth v. Penrod Drilling Corp.,* 972 F.2d 546 (5th Cir.1992), the Fifth Circuit set forth that a plaintiff may only recover for an emotional injury that results from the physical contact. Further, the court noted that the rule in the Fifth Circuit is that trivial physical injuries do not support recovery for emotional injuries. Finally, the court refused to allow recovery under the zone of danger rule. The zone of danger rule provides a mechanism for recovery of emotional injuries absent any physical contact, which result from the witnessing of peril or harm to another if the plaintiff is also threatened with physical harm as a consequence of the defendant's negligence. 966 F.2d at 168. The court specifically noted that the Fifth Circuit does not allow a plaintiff to recover because he was in the zone of danger during the accident.

As these decisions show, a plaintiff may not recover for purely emotional injury under the Jones Act. That this plaintiff has suffered some trivial physical injury is not sufficient reason to allow the plaintiff to recover for an emotional injury. Even accepting the facts in the light most favorable to this plaintiff, he may not recover for his emotional injuries; for, at most, his injuries are trivial.

These cases also indicate that a plaintiff may not recover for emotional injury that does not arise out of a physical injury. Thus, in *Gaston,* the court refused to allow the plaintiff to recover for the emotional injury resulting from watching the death of another. The mere fact that the plaintiff in *Gaston* had, in fact, suffered an injury—albeit a trivial injury—was not sufficient to justify allowing him to recover for emotional injuries caused by watching the death of another. This plaintiff does not allege that his emotional injury arose out of his physical injuries; rather, he alleges that they arose out of his "extreme anxiety and nightmares regarding this sinking and his near death." [Plaintiff's Pretrial Statement at page 2].

Nor is the impact requirement applicable under these facts. In *Hagerty v. L & L Marine Services, Inc.,* 788 F.2d 315 (5th Cir.1986), the court found the plaintiff had suffered a physical injury when he was drenched on two occasions by toxic carcinogenic chemicals. In a footnote, the court noted that a drenching with toxic carcinogenic chemicals is sufficient to satisfy the impact requirement. *Hagerty,* at 318 n. 1. This statement by the court was necessarily dictum; for the plaintiff had, in fact, suffered a physical injury.

The decisions of the Fifth Circuit referring to the impact requirement set forth in *Hagerty* lead an observer to conclude that the impact rule is not applicable to this sort of negligence claim arising under § 688 of the Jones Act for purely emotional injuries unaccompanied by physical injury. This court discerns that the Fifth Circuit only intends for *Hagerty* to apply to cases in-

volving intentional tortious conduct and to cases which involve latent diseases rather than traumatic injuries to seamen. The Fifth Circuit has looked to *Hagerty* for guidance in several cases. *Smith v. A.C. & S., Inc.*, 843 F.2d 854 (5th Cir.1988), was a latent disease case in which the court relied upon *Hagerty* in its analysis. *Wilson v. Zapata Off-Shore Co.*, 939 F.2d 260 (5th 1991), was an intentional tort case (sexual harassment) in which the court also relied upon *Hagerty's* impact rule. In *Gaston, Plaisance,* and *Ainsworth,* however, all negligence actions arising under the Jones Act, the court refused to allow a mere impact upon the person of the plaintiff to serve as a sufficient device to permit recovery for emotional injuries when the plaintiff had not otherwise received any physical injuries.

That the Fifth Circuit never intended for *Hagerty* to apply to this sort of claim is hinted at in *Gaston.* When the court, in *Gaston,* referred to the plaintiff's physical injuries as being only trivial, their intentions in *Hagerty* became discernible. For, to suffer even a trivial physical injury an impact is a necessary precedent. Thus, since the court bars a plaintiff from recovering for emotional injuries when his physical injuries are trivial, the court also bars a plaintiff from recovering for emotional injuries when the impact is insufficient to cause more than trivial physical injuries. Chief Judge Politz, writing the court's first opinion in *Plaisance,* 937 F.2d 1004 (5th Cir.1991), specifically noted that the Fifth Circuit, in *Gaston,* rejected the argument that *Hagerty* provides the basis for recovery for a purely emotional injury:

> "We rejected the argument that *Hagerty* provided the basis for recovery for a purely emotional injury. Rather, we noted that while *Hagerty* 'did observe that a Jones Act recovery was possible without physical impact, that statement was necessarily dictum; for Mr. Hagerty did suffer impact, having been drenched with cancer-causing chemicals.' " 937 F.2d at 1007.

When the Fifth Circuit reconsidered *Plaisance,* en banc, the court emphasized this view:

> "To avoid any possible confusion that our decision to review this case en banc may cause, we emphasize that *Gaston v. Flowers Transp.* continues to represent the law of this circuit." (citations omitted) 966 F.2d at 169.

The court did not stop here, however, Judge Davis continued:

> "The holding in *Gaston* is limited but instructive. The court recognized that a plaintiff suing for purely emotional injuries could recover if he also suffered physical injury." Id.

Judges Garza, Davis, and Barksdale, in *Ainsworth,* confirmed that this is, in fact, the Fifth Circuit's rule when they referred to *Gaston* and noted that trivial physical injuries do not support recovery for purely emotional injuries.

It is evident from this review of the cases citing *Hagerty* that the Fifth Circuit does not intend for *Hagerty* to apply to allow a plaintiff to recover for purely emotional injury merely because of some picayune impact. Rather, the rule of the Fifth Circuit, and the rule that this court now applies, is that a plaintiff suing for purely emotional injuries can recover only if he also suffered physical injuries.

Finally, it is important to remember in evaluating claims of this sort that all sailors are attributed an appropriate amount of daring, strength and quality of character as befits one who has chosen a calling that involves braving certain hazards. The court in *Gaston* noted that:

> "Finally, there seems to be something incongruous in undertaking such an extension of liability to seamen and railroaders. These have knowingly and voluntarily chosen callings which, while today perhaps not fairly termed dangerous, yet do involve braving certain hazards and are traditionally not well suited to the squeamish or faint-hearted. To undertake to enlarge such persons in damages in proportion to the delicacy of their emotional reactions seems a curious policy." *Gaston, supra* at 820.

Chief Judge Politz cited this approvingly in the Fifth Circuit's first opinion in *Plaisance*. Chief Judge Politz wisely noted: "Having so stated, we remain vitally aware that seamen and railroaders have chosen callings that 'involve braving certain hazards [which] are traditionally not well suited to the squeamish or fainthearted.' In evaluating claims of emotional injury, courts must attribute to those who choose these callings the appropriate daring and strength and quality of character." (citations omitted) 937 F.2d at 1011.

This court recognizes Chief Judge Politz's sagacious insight into this area and so heeds his fiat.

For the foregoing reasons, Devall's Motion for Summary Judgment is granted.