IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

**United States Court of Appeals**
**Fifth Circuit**

**F I L E D**

January 14, 2008

Charles R. Fulbruge III
Clerk

No. 07-60378
Summary Calendar

SHIRLEY PRICE

Plaintiff-Appellant

V.

LOCKHEED MARTIN CORPORATION; LOCKHEED MARTIN
AERONAUTICAL SYSTEMS COMPANY

Defendants-Appellees

Appeal from the United States District Court
for the Southern District of Mississippi
USDC No. 4:04-CV-00123

Before KING, DAVIS, and CLEMENT, Circuit Judges.

PER CURIAM:[1]

The case arises from a workplace shooting in which Plaintiff-Appellant ("Price") was a bystander. Price first appeals a grant of summary judgment in favor of Defendants-Appellees ("Lockheed") on the issue of whether Plaintiff-Appellant's exclusive recovery for her tort claims is the Worker's Compensation Act ("the Act"). Though the district court also held that Price could not recover

---

[1] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

as a bystander because she lacked a close relation with any of the victims, Price does not appeal that holding. Second, Price appeals the district court ruling that she cannot succeed on her putative federal constitutional claims because Lockheed is not a state actor. Lastly, she appeals the district court ruling that she cannot recover under Article VII, § 191 of the Mississippi Constitution and Mississippi Code Annotated § 79-1-9 because the state constitutional provision creates no private right of action and because the statute does not apply to termination of employment at will. We affirm the district court on all of the challenged grounds.

I.

This lawsuit is one of many arising out of a tragic incident that occurred at the Lockheed Martin facility in Meridian, Mississippi on July 8, 2003 when Douglas Paul Williams, a long-time employee of Lockheed, went on a shooting rampage at the Lockheed facility, in which he shot numerous co-workers, killing seven and wounding others. Williams, who was well-known by his co-workers and the Lockheed management to harbor extreme racial hatred toward his African-American co-workers, arrived at the plant with firearms in his truck. While attending a mandatory training course being held in a building on plant grounds, Williams exited the building shortly after the training session began, retrieved a shotgun and a Mini-14 semiautomatic rifle from his truck, and reentered the building where the training course was being held. He then opened fire, shooting at least five persons. Next, he left that building and entered the main plant building where he shot the remaining victims, following which he took his own life with a self-inflicted gunshot wound.

Price was also a longtime employee at the Lockheed plant. She alleges she was traumatized by the events she witnessed that day, and she seeks to recover for her resulting emotional distress. Price and the assailant, Williams, had an

intimate relationship for fourteen years, and they had been living together for approximately four years.

Two days after the shooting, at a memorial service held for the shooting victims at a church in Meridian, Price disrupted the remarks of the Meridian Mayor John Robert Smith when she stood up and began yelling that Williams was also a victim. Price's tirade continued until she was led out of the service. Later, Lockheed received reports and Williams's daughter testified that at a private service held for Williams, Price made remarks that she would finish what Williams had started. Lockheed determined that Price's employment should be terminated because of her improper behavior at the victim's memorial service and because of concern about disruption at the plant if she were to return to it.

## II.

This Court reviews a grant of summary judgment de novo. Hathaway v. Bazany, 507 F.3d 312, 319 (5th Cir. 2007) (citing Cousin v. Small, 325 F.3d 627, 637 (5th Cir. 2003)). "Summary judgment is proper 'if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact.'" Id. (quoting FED. R. CIV. P. 56(c)). "A genuine issue exists when 'the evidence is such that a reasonable jury could return a verdict for the nonmoving party.'" Id. (quoting Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986)). "All reasonable inferences are drawn in favor of the nonmoving party, but the nonmoving party 'cannot defeat summary judgment with conclusory allegations, unsubstantiated assertions, or only a scintilla of evidence.'" Id. (quoting Turner v. Baylor Richardson Medical Center, 476 F.3d 337, 343 (5th Cir. 2007) (internal quotations omitted)).

## III.

With regard to Price's claims for emotional distress damages, the district court held, based on Fifth Circuit precedent stemming from this same incident at Lockheed, that Price could not recover for her emotional distress damages because the Act was her exclusive remedy. See Tanks v. Lockheed Martin Corp., 417 F.3d 456, 460 (5th Cir. 2005) (holding that the Act is an employee's exclusive tort remedy applicable to this incident at Lockheed). The district court found that Price's allegations regarding this issue are "practically indistinguishable" from those in Tanks, and as such, her claims are "barred to the same extent as those in Tanks" because her injuries are claimed to have resulted from Williams's intentional acts. The district court also explained that Price's argument that Lockheed's own intentional acts caused her injury is also governed by Tanks as well as by other Mississippi case law. See Id. at 467 n. 40; Peaster v. David New Drilling Co., Inc., 642 So. 2d 344, 347–48, 349 (Miss. 1994) (employer must act "with actual intent to injure" for its acts to fall within the intentional tort exception to the Act's exclusivity; recklessness, negligence, or gross negligence are insufficient). The district court concluded that the allegations against Lockheed on this issue were insufficient to constitute actual intent.

The district court also held that Price could not recover as a bystander because she lacked a close relation with any of the victims. See Entex Inc. v. McGuire, 414 So. 2d 437, 444 (Miss. 1982) (one of the prerequisites for recovery as a bystander is that plaintiff and a victim were closely related); Satchfield v. R.R. Morrison & Son, 872 So. 2d 661, 667 (Miss. 2004). Price has not addressed this holding on appeal.

With regard to Price's federal constitutional claims, she argues that by terminating her employment, Lockheed violated her rights under the First and Fourteenth Amendments. The district court found that Lockheed, as a private

4

employer and not a state actor, was not subject to constitutional restrictions. See U.S. v. Reyes, 87 F.3d 676, 680 (5th Cir. 1996).[2]

Price also asserts a cause of action under the § 191 of the Mississippi Constitution because she was terminated from her employment at Lockheed. This provision states: "The Legislature shall provide for the protection of the employees of all corporations doing business in this State from interference with their social, civil, or political rights by said corporations, their agents or employees." MISS. CONST. § 191 (1890). Price can claim no cause of action under this provision as it is "not self-enacting, but rather is only enforceable under its enacting legislation." Rosamond v. Pennaco Hosiery, Inc., 942 F. Supp. 279, 285 (N.D. Miss. 1996); see also Cooper v. Drexel Chem. Co., 949 F. Supp. 1275, 1282 (N.D. Miss. 1996). Moreover, the enacting legislation provides: "Any corporation doing business in this state shall be liable to a penalty of two hundred fifty dollars ($250.00) for every unlawful interference with the social, civil, or political rights of any of its agents or employees, and the same may be recovered by suit, to be brought by the injured party." MISS. CODE ANN. § 79-1-9 (Supp. 1995). The district court concluded that Price was an at-will employee and that she had no social, civil, or political right which could have been violated by her termination. Though Price asks this Court to certify this issue to the Mississippi Supreme Court, such certification is foreclosed by our opinion in Tanks, 417 F.3d at 460.

## IV.

Upon review of the parties' arguments and the record, we find no error in the district court's grant of summary judgment. Thus, we affirm for the reasons

---

[2] Price argued before the district court that she had been terminated based on gender discrimination in violation of Title VII of the Civil Rights Act, and the court granted summary judgment to Lockheed on this issue because Price failed to present evidence that Lockheed's articulated reasons for her termination were a pretext for discrimination. Price has not raised her Title VII argument nor challenged the court's findings thereon in this appeal.

stated above and those stated in the district court's well-reasoned order. Accordingly, we AFFIRM.

AFFIRMED.