# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

————

No. 15-30814
Summary Calendar

————

United States Court of Appeals
Fifth Circuit

**FILED**

January 20, 2017

Lyle W. Cayce
Clerk

KATHERINE S. JOHNSON,

Plaintiff-Appellant

v.

LOYOLA UNIVERSITY NEW ORLEANS,

Defendant-Appellee

————

Appeal from the United States District Court
for the Eastern District of Louisiana
USDC No. 2:15-CV-308

————

Before JOLLY, DAVIS, and SOUTHWICK, Circuit Judges.

PER CURIAM:[*]

Katherine S. Johnson moves for leave to proceed in forma pauperis (IFP) on appeal from the district court's dismissal pursuant to Federal Rule of Civil Procedure 12(b)(1) of her civil action against Loyola University New Orleans (Loyola) on the grounds of lack of subject matter jurisdiction and res judicata. By so moving, Johnson is challenging the district court's certification that she is not entitled to IFP status because her appeal lacks arguable merit and is

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 15-30814

thus not taken in good faith. *See Baugh v. Taylor*, 117 F.3d 197, 202 (5th Cir. 1997); *Howard v. King*, 707 F.3d 215, 219-20 (5th Cir. 1983).

"As always, we must first consider whether we have jurisdiction." *Budget Prepay, Inc. v. AT&T Corp.*, 605 F.3d 273, 278 (5th Cir. 2010). We review a ruling on a Rule 12(b)(1) motion to dismiss for lack of subject matter jurisdiction de novo, and the party asserting jurisdiction has the burden of proof. *Id.* The relevant inquiry here is whether this case presents a federal question triggering jurisdiction under 28 U.S.C. § 1331, which establishes federal jurisdiction over civil actions "'arising under the Constitution, laws, or treaties of the United States.'" *Id.* at 278 & n.1 (quoting § 1331). "Generally, under section 1331, a suit arises under federal law if there appears on the face of the complaint some substantial, disputed question of federal law." *Carpenter v. Wichita Falls Indep. Sch. Dist.*, 44 F.3d 362, 366 (5th Cir. 1995).

In her pleadings before this court, Johnson cites several potential sources of federal question jurisdiction. For the first time in this appeal, Johnson relies upon: 15 U.S.C. § 57a, which sets forth the Federal Trade Commission's rulemaking process relative to unfair or deceptive trade practices; 18 U.S.C. § 1001, which criminalizes false statements to federal investigators; 18 U.S.C. § 1514, which creates a civil action to restrain harassment in the context of a federal criminal case; the False Claims Act, 31 U.S.C. §§ 3729-33; Title VI of the Civil Rights Act, 42 U.S.C. §§ 2000e et seq.; the Age Discrimination Act, 42 U.S.C. §§ 6101 et seq.; and Federal Rule of Civil Procedure 60(b)(3), which authorizes a post-judgment motion alleging fraud. Since Johnson failed to raise any arguments regarding these federal law provisions in the district court, we will not review these issues. *See Yohey v. Collins*, 985 F.2d 222, 225 (5th Cir. 1993).

No. 15-30814

Johnson's remaining arguments before this court pursuant to 42 U.S.C. § 1983, 20 U.S.C. § 1011l, the First Amendment, and the Constitution are insufficient to establish a federal question.  Even construing her pro se pleadings liberally, *see Yohey*, 985 F.2d at 225, Johnson has failed to articulate how her claims create a substantial, disputed federal question under the cited statutory and constitutional provisions.  *See Carpenter*, 44 F.3d at 366. Johnson's mere labeling of her case as a § 1983 action is insufficient to explain how the private institution of Loyola acted under color of state law to deprive her of federal or constitutional rights.  *See Whitley v. Hanna*, 726 F.3d 631, 638 (5th Cir. 2013) (holding that a § 1983 claim may be asserted only against a person acting under color of state law).

Johnson has likewise failed to explain how her claim that her degree was "conferred on Civil District Court New Orleans, not the Appellant in violation of 20 U.S.C. § 1011l" in fact arose from that statute.  Section 1011l mandates the Secretary of Education's continued collaboration with other government agencies to expose and crack down on diploma mills.  *See* § 1011l.  Finally, Johnson's constitutional claims against Loyola are insufficient to create a federal question, as non-state actors like Loyola are generally not subject to constitutional restrictions.  *See Price v. Lockheed Martin Corp.*, 261 F. App'x 761, 764 (5th Cir. 2008) (citing *United States v. Reyes*, 87 F.3d 676, 680 (5th Cir. 1996)).  Accordingly, Johnson has failed to establish that the district court erred in dismissing her action for lack of subject matter jurisdiction.  *See Budget Prepay, Inc.*, 605 F.3d at 278.

As Johnson has failed to demonstrate that her appeal involves legal points that are arguable on their merits and thus not frivolous, her IFP motion is DENIED.  *See Howard*, 707 F.2d at 219-20.  Because the appeal is frivolous,

No. 15-30814

it is DISMISSED. *See Baugh*, 117 F.3d at 202 n.24; 5TH CIR. R. 42.2. Johnson's motions for appointment of counsel and to supplement the record are DENIED.